AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
4/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
4/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jm___ DEPUTY

United States of America

v.

FRANCISCO PAVON-EUCEDA,

Defendant

Case No. 2:25-MJ-02549-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Josef L. Singer, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of February 12, 2022, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326a | Illegal Alien Found in the United States Following Deportation. |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Josef L. Singer, Deportation Officer
*Complainant's signature*

Josef L. Singer, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone. Date: 04/29/2025 at 12:52 p.m.

*Judge's signature*

City and state:  Los Angeles, California

Hon. Michael B. Kaufman, U.S. Magistrate Judge
*Printed name and title*

SAUSA Elizabeth Bisland X10319

**AFFIDAVIT**

I, Josef L. Singer, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint for and arrest warrant against FRANCISCO PAVON-EUCEDA ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER JOSEF L. SINGER

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since April 2018. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4.  On or about February 12, 2022, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that defendant was in the custody of the Los Angeles Sheriff Department ("LASD"). On or about that day, PERC lodged a DHS Immigration Detainer with LASD. The detainer was not honored, and the defendant was released from custody.

5.  On or about April 28, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with defendant's arrest and verified that the FIN associated with the IAQ was FIN 12605847. I therefore confirmed that the individual arrested on February 12, 2022, was defendant, a previously deported alien.

6.  Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7.  On or about April 28, 2025, I obtained and reviewed DHS A-File A209 411 000 (the "DHS A-File"), which is maintained for the subject alien "FRANCISCO PAVON-EUCEDA." The DHS A-File contained the following documents and information:

    a.  One executed Warrant of Removal/Deportation (Form I-205), indicating that defendant was officially removed from

2

the United States on or about December 17, 2017. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

      b.   Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Honduras. These documents included an Order of the Immigration Judge, dated May 17, 2017, ordering defendant removed to Honduras.

    8.   On or about April 28, 2025, I reviewed the printouts of ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-File. The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

3

9.   Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

10.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 29th day of
April 2025 at 12:52 p.m.

_____
HONORABLE MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE